**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**Christopher S. BURNSIDE,
Respondent.**

**No. 2000–SC–1108–KB.**

Supreme Court of Kentucky.

Jan. 25, 2001.

Janis E. Clark, Director, CLE, Kentucky Bar Association, Frankfort, Counsel for Movant.

Christopher S. Burnside, Brown, Todd & Heyburn, PLLC, for Respondent.

*OPINION AND ORDER*

Christopher S. Burnside, Respondent, of Louisville, Ky., was sent four notices regarding his Continuing Legal Education (CLE) requirements for the educational year ended June 30, 2000. Respondent did not meet the CLE requirements and, as a result, this Court issued Respondent an order to show cause why he should not be suspended from the practice of law in this state.

Burnside responded on November 28, 2000, well within the twenty day deadline. Respondent stated that he was deficient one hour of ethics credits for the year ended June 2000, and he has since obtained the appropriate credits by reviewing a video tape. This viewing, however, took place after the deadline for ethics credits. He further explained that he was scheduled to attend a seminar on June 21, 2000 that would have satisfied his credits before the deadline, but Respondent chose, instead, to attend a deposition for his law firm. Respondent accounted for his choice by explaining that he believed he could get an extension of time pursuant to SCR 3.667(2). Respondent's belief was mistaken, however, as he had applied for an extension of time for the previous year ended June 1999. Pursuant to SCR 3.667(2), a member may not submit a plan for making up a delinquency if the member has submitted "such a plan ... for either of the two preceding educational years."

Respondent further explained that he was going through a "bitter separation and divorce" in 1998 and 1999. This divorce affected his work with his law firm and led to his getting an extension on his CLE requirements for 1999. In an effort to improve on his relations with his firm, he chose to attend a deposition instead of completing his CLE requirements. Respondent admits he made a "grievous mistake" and asks that this Court not suspend him from the practice of law. He also asks that he not be fined because of his present financial situation.

The Kentucky Bar Association CLE Commission (the Commission), replied to Burnside's response in which it moved this

Court to find that Respondent has not shown cause for failing to meet the CLE requirements for the year ended June 30, 2000. The Commission does, however, recommend leniency by this Court for Respondent. Rather than suspension, the Commission requests that the Respondent be ordered to pay a $500.00 penalty, plus costs in the amount of $130.00.

The Commission also requests that this Court specify that a time extension pursuant to SCR 3.667 will not be available to Respondent for the current educational year ending June 30, 2001 or the next year ending June 30, 2002.

We find this penalty satisfactory and so order Christopher S. Burnside to pay a penalty for disregard of Supreme Court rules and procedure, and for non-compliance with the CLE requirement for the educational year ended June 30, 2000, in the amount of $500.00, plus costs in the amount of $130.00, total of $630.00, to be paid within twenty days of the date of this Order. Further, pursuant to SCR 3.667, Respondent may not apply for a time extension for the educational years ending June 30, 2001 and June 30, 2002. Failure to either pay the fine or complete the CLE requirements in the future will result in suspension pursuant to SCR 3.669(4).

All concur.

ENTERED: January 25, 2001.

/s/ Joseph E. Lambert
CHIEF JUSTICE